### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE  DIVISION

UNITED STATES of AMERICA                    PLAINTIFF/RESPONDENT


V.                              No.  13-50079
                                No.  16-05219

VICTORIA RAMOS                              DEFENDANT/PETITIONER

### MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 217) filed August 18, 2016.  The United States of America filed a Response (Doc. 220) on November 4, 2016.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

Victoria Ramos was originally named in one count in a seven-count Indictment filed in the Western District of Arkansas, Fayetteville Division, on July 31, 2013, charging her with conspiracy to distribute more than 500 grams of methamphetamine. (Doc. 1).

On November 18, 2013, Ramos appeared before the Honorable Jimm Larry Hendren for an arraignment/change of plea hearing. (Doc. 96). At the hearing, Ramos waived her right to be indicted by a Grand Jury and a one-count Information was filed charging her with conspiracy to distribute methamphetamine. (Docs. 95 and 96). A written plea agreement was presented to the Court that set forth that Ramos agreed to waive indictment and plead guilty to the Information. (Doc. 97). The Court accepted Ramos' plea and ordered a presentence report. (Doc. 96).

On February 10, 2014, the Probation Office issued Ramos' initial Presentence

-1-

Investigation Report (PSR). (Doc. 101). The United States raised no objections to the PSR. (Add. to PSR). However, Ramos objected to not having received a reduction for having a mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. (Add. to PSR).

On March 12, 2014, the Probation Office issued Ramos' final PSR. (Doc. 122). According to the PSR, Ramos was accountable for 21.4 kilograms of methamphetamine which called for a base offense level of 38. (PSR, ¶ 47). Ramos received a 2-level decrease because she met the criteria set forth in the Limitation on Applicability of Statutory Minimum Sentences in Certain Cases. (PSR ¶ 48). After receiving 3-levels off for acceptance of responsibility, Ramos' total offense level was set at 33. (PSR, ¶¶ 54 - 56). Ramos' criminal history score was determined to be one which established a criminal history category of I. (PSR, ¶ 60). Her statutory range called for a maximum term of 20 years imprisonment on Count One in this case. (PSR, ¶ 88). Ramos' advisory guidelines range was 135 - 168 months imprisonment. (PSR, ¶ 89). On April 2, 2014, Ramos filed a sentencing memorandum in which she requested a mitigating role reduction. (Doc. 133).

On June 11, 2014, Ramos appeared before the Honorable Timothy L. Brooks for sentencing. (Doc. 151). At sentencing, the Court adopted the PSR without change. (Doc. 155). Additionally, the Court granted the United States' motion for a 2-level reduction which resulted in a total offense level of 31 and a guideline range of 108 to 135 months. (Doc. 155). The Court sentenced Ramos to 96 months imprisonment, 36 months supervised release, and a $100 special assessment. (Doc. 154). Ramos' 96-month sentence was based on the Court varying downward based in part on being persuaded that in comparing Ramos' role in the drug conspiracy to that of her co-defendants, a downward variance was justified to avoid unwarranted sentencing

disparities and provide adequate punishment to her for her participation and culpability in the conspiracy. (Doc. 155). Ramos did not appeal her sentence.

On August 18, 2016, Ramos filed the instant pro se Motion For Minor Role Adjustment And Sentence Reduction Based  on *United States v. Quintero-Leyva  and*  Pursuant To Amendment 794. (the "§ 2255 Motion"). (Doc. 217).

## II.  Discussion

Petitioner contends she is entitled to a "minor role" reduction based on an amendment to the advisory federal sentencing guidelines manual. Specifically, defendant relies on Amendment 794 which amended § 3B1.2 of the United States Sentencing Guidelines and took effect on November 1, 2015 (after petitioner's conviction became final). Additionally, defendant relies on *United States v. Quintero-Leyva,* 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to a defendant who argued at sentencing, prior to the amendment, for the minor role reduction).

## A.  Section 2255 Generally

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C.A. § 2255.  To prevail on a motion filed under 28 U.S.C. § 2255, a petitioner must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.  Amendment 794**

Amendment 794 of the Sentencing Guidelines, which became effective November 1, 2015, revised the commentary to U.S.S.G. § 3B1.2 of the Sentencing Guidelines concerning mitigating role adjustments.  Significantly, the Sentencing Commission did not declare the amendment retroactive. See U.S.S.G. § 1B1.10(d) (Nov. 2015).  See *United States v. Lewis*, No. 14CR662, 2016 WL 6601644, at *3 (D. Minn. Nov. 7, 2016).

The Petitioner's reliance on the case of *Quintero-Leyva* is misplaced.  First, *Quintero-Leyva* is not controlling precedent in this circuit. Second, Quintero-Leyva is distinct from defendant's case. In Quintero-Leyva the Ninth Circuit concluded Amendment 794 applies retroactively to direct appeals because it "resolved a circuit split and was intended as a clarifying amendment."  *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Petitioner did not directly appeal her conviction or sentence. *Accordingly, Quintero-Leyva* is inapplicable to Petitioner's case.

The Eighth Circuit District Court (*United States v. Lewis*, No. 14CR662RHKJSM, 2016 WL 6601644, at *3 (D. Minn. Nov. 7, 2016) ) and the Seventh Circuit District Court ( *Reynolds v. United States*, No. 3:16-CV-01267-DRH, 2016 WL 7117149, at *2 (S.D. Ill. Dec. 7, 2016) have addressed the Petitioner's claim directly and denied relief.

**C.  Limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003).  Ramos' conviction became final on June 25, 2014, when 14 days passed without filing an

appeal. See Fed.R.App.P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). The present motion, filed August 18, 2016, falls outside of the one-year period as Ramos had until June 25, 2015, one year after the date her conviction became final, to present a timely motion. Accordingly, Ramos' § 2255 Motion was filed well beyond the last day it properly could have been filed and is barred by the limitations period.

### D.  Evidentiary Hearing

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing.  An evidentiary hearing on a habeas motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000).  For the reasons stated above the court finds that the record of the case establishes conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### E.  Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate

of appealability.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  January 6, 2017.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE